# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-26-00437-CR

---

**Carlos Arturo Gomez German, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 368TH DISTRICT COURT OF WILLIAMSON COUNTY
### NO. 26-0117-K368, THE HONORABLE SARAH BRUCHMILLER, JUDGE PRESIDING

---

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Carlos Arturo Gomez German filed a notice of appeal stating that he desired to appeal from the trial court's "ruling" denying his pre-trial application for writ of habeas corpus. In his motion for extension of time to file his notice of appeal, German explained that the trial court had orally rendered judgment denying his pre-trial application at a hearing on March 25.

In criminal cases, this Court has jurisdiction to consider appeals from the entry of an appealable order. *See* Tex. R. App. P. 25.2; Tex. Code Crim. Proc. art. 44.02; *see also* Tex. R. App. P. 26.2(a)(1). However, there must be a written, signed order from which to appeal. *See State v. Sanavongxay*, 407 S.W.3d 252, 258–59 (Tex. Crim. App. 2012) (noting that "our precedent requires that an order be in writing"); *see also State v. Rosenbaum*, 818 S.W.2d 398,

401–02 (Tex. Crim. App. 1991) (holding that the trial court 'enters' order for purposes of appellate timetable when judge signs order).

The record before us does not contain a written, signed order of the trial court's ruling on German's application for writ of habeas corpus, but the reporter's record reflects that the trial court orally denied the application at a hearing on March 25. Accordingly, we abate this cause and remand it to the trial court for entry of a signed order on appellant's application for writ of habeas corpus. *See* Tex. R. App. P. 44.4(b) (requiring appellate court to direct trial court to correct remediable error that prevents proper presentation of appeal); *Dewalt v. State*, 417 S.W.3d 678, 685 n.32 (Tex. App.—Austin 2013, pet. ref'd) ("[I]n a case in which there has been an oral trial court ruling but no written order has been entered, we would ordinarily treat the notice of appeal as prematurely filed, abate the appeal, and remand the case to the trial court for preparation of an appealable order."). A supplemental clerk's record containing the signed order shall be prepared and filed with this Court no later than August 20, 2026.

It is ordered on July 24, 2026.

Before Justices Triana, Crump, and Ellis

Abated and Remanded

Filed: July 24, 2026

Do Not Publish

2